UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAKA WASHINGTON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 11-11478-JLT |
| | * |
| OFFICER RICHARD CONNOR, | * |
| OFFICER MICHAEL LAVEY, and | * |
| SERGEANT MICHAEL GOODWIN, | * |
| | * |
| Defendants. | * |

MEMORANDUM and ORDER

September 27, 2012

TAURO, J.

After a hearing on September 25, 2012, this court hereby orders that Plaintiff's Motion to Amend Complaint and Substitute a Party [#25] is ALLOWED.

The decision to grant leave to amend a pleading under Federal Rule of Civil Procedure 15(a) is entrusted to the sound discretion of the trial court.[1]  Rule 15(a) reflects a liberal amendment policy,[2] and directs the court to "freely give leave when justice so requires."[3] Grounds to deny leave to amend include bad faith, futility of amendment, repeated failure to cure deficiencies by amendments previously allowed, undue delay, and undue prejudice.[4]

---

[1] Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

[2] O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 154 (1st Cir. 2004); USM Corp. v. GKN Fasteners Ltd., 578 F.2d 21, 23 (1st Cir. 1978).

[3] Fed. R. Civ. P. 15(a)(2).

[4] Foman, 371 U.S. at 182; United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009).

The above-listed grounds for denial do not apply in this case. There is no evidence, and Defendant Michael Goodwin's Opposition [#28] does not allege, that Plaintiff is acting in bad faith or that amendment is futile. Plaintiff has not previously failed to cure deficiencies in the Complaint, as this is Plaintiff's first motion to amend.

There has been no undue delay between the Complaint and Plaintiff's motion. Plaintiff only recently learned through discovery that Officer Michael Langston, and not Defendant Goodwin, was in the room during the alleged altercation.[5] Plaintiff filed this motion within two months of Defendant Richard Connor's and Defendant Michael Lavey's deposition testimony confirming Officer Langston's involvement.[6] Plaintiff also filed this motion before the parties' proposed deadline for amendments in their Joint Statement [#12].

While a court can deny an amendment on the ground of undue prejudice,[7] the parties here do not yet have a trial date. This court can alleviate any potential prejudice arising from the addition of Officer Langston by giving the parties additional time for discovery.

The proposed amendment is not barred by the statute of limitations because the amendment relates back to the date of the original complaint. Under Federal Rule of Civil Procedure 15(c)(1)(A), an amendment relates back when "the law that provides the applicable statute of limitations allows relation back."[8] Section 1983 claims, such as the one here, do not have a federal statute of limitations, but instead "borrow" the statute of limitations from state

---

[5] Pl.'s Mot. Amend Compl. & Subst. Party ¶¶ 2-11 [#25].

[6] Pl.'s Mot. Amend Compl. & Subst. Party Exs. F, H, I [#25].

[7] See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-31 (1971); Serrano Medina v. United States, 709 F.2d 104, 106 (1st Cir. 1983).

[8] Fed. R. Civ. P. 15(c)(1)(A).

law.[7]  Massachusetts law, therefore, provides the statute of limitations and standard for relation back for this Section 1983 claim.  Massachusetts law states that an amendment, including an amendment changing parties, relates back when the claim in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."[8]  Here, the proposed amendment relates back because the Plaintiff's allegations against Officer Langston in his Proposed Amended Complaint[9] arise out of the same incident described in the original complaint.

For these reasons, Plaintiff's Motion to Amend Complaint and Substitute a Party [#25] is ALLOWED.

IT IS SO ORDERED.

    /s/ Joseph L. Tauro
United States District Judge

---

[7] Bd. of Regents v. Tomanio, 446 U.S. 478, 483-84 (1980).

[8] Mass. R. Civ. P. 15(c).

[9] Pl.'s Mot. Amend Compl. & Subst. Party Ex. K [#25].